Susan M. Rotkis Ariz. Bar No. 032866
**CONSUMER LITIGATION ASSOCIATES WEST, P.L.L.C.**
382 South Convent Ave.
Tucson, AZ 85701
Telephone: (520) 622-2481
Email: srotkis@clalegal.com

Leonard A. Bennett (requests to be admitted pro hac vice)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd. Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Email: lenbennett@clalegal.com

Noah B. Peters (requests to be admitted pro hac vice)
BAILEY & EHRENBERG PLLC
1015 18th Street, N.W. Suite 204
Washington, D.C. 20036
Tel: (202) 331-1331
Fax: (202) 318-7071
Email: nbp@becounsel.com

***Attorneys for Plaintiffs***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

**BHAVIKA PATEL,**

**Plaintiff**

**v.**

**ITRIA VENTURES, LLC**
**BIZ2CREDIT, INC.**

**and**

**TRANSUNION LLC.,**

**Defendants.**

## CLASS ACTION COMPLAINT

Plaintiff, Bhavika Patel, for her complaint against Itria Ventures, LLC, ("Itria"), Biz2Credit, Inc. ("Biz2Credit"), and TransUnion LLC, alleges an individual action and class action as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to 15 U.S.C. §§ 1681a–x, the Fair Credit Reporting Act ("FCRA"). This cause arises from the unlawful conduct of Biz2Credit and/or its alter ego, Itria Ventures LLC ("Itria"), its wholly owned subsidiary, in repeatedly accessing and using Ms. Patel's consumer reports without a permissible purpose and on the false basis that they are engaged in "insurance underwriting," in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. In fact, Biz2Credit and/or Itria had no lawful basis to access Ms. Patel's credit report.

2. Biz2Credit and Itria repeatedly accessed Ms. Patel's consumer reports from Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("TransUnion"), and Itria, which consumer reporting agencies supplied the reports without first complying with the FCRA's prohibition on providing consumer reports unless the requesting user is in compliance with the permissible purpose rules.

3. Biz2Credit describe itself "as an all-in-one financing solution for entrepreneurs to get a small business loan with fast approval process" and Itria as its "platform through which institutional investors can access small businesses looking for *funding* through a proprietary online dashboard."

4. Biz2Credit effectively uses Itria to engage in the practice of making merchant cash advances (MCAs). Biz2Credit bills itself as a marketplace to align lenders and borrowers and find the best rate for consumers. In fact, they typically steer borrowers to their alter ego, Itria. Thus, Biz2Credit is effectively the main player in their own "marketplace" through their wholly-owned subsidiary, Itria.

5. In addition, Itria and Biz2Credit also repackage loans for resale to institutional investors. They act as merely a servicer for certain loans. It is unclear how much of Itria/Biz2Credit's portfolio is resold, how much is actually owned by these entities, and how much is assigned to third parties at the onset when the advance is made..

6. Through a series of failures to meet duties imposed upon them by the FCRA, as fully set forth below, Defendants caused Plaintiff to be injured by invading her privacy, which is protected by the FCRA, and from which injuries the FCRA is specifically designed to protect. The Plaintiff has a right to privacy of her personal consumer and credit information granted by Congress and specifically engrossed in the statute itself.

7. The Defendants knew of their duties under the FCRA. Despite that knowledge, the Defendants had no procedures in place to prevent them from repeatedly accessing Ms. Patel's consumer report when they had no permissible purpose to do so. In fact, the Defendants specifically misrepresented their purpose in accessing the Plaintiff's consumer report in order to avoid the strictures of the FCRA and causing injury Ms. Patel.

8. Ms. Patel's injuries included, but are not limited to, invasion of her privacy, publication of her consumer report to third parties without a permissible purpose to do so, infliction of emotional distress, inconvenience, humiliation, damage to her reputation, loss of

time from work, loss of time from her family, interference with her relationships, loss of money, loss of sleep, physical distress.

## JURISDICTION

9. The Court has federal question jurisdiction conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper as all relevant events occurred in this District. The Plaintiff lives in this district and the Defendants have availed themselves of the District by reaching into Arizona and regularly conduct business in Arizona.

## PARTIES

10. Plaintiff is a natural person and resident of the District of Arizona. She is a consumer as defined by 15 U.S.C. § 1681a(c).

11. Biz2Credit is a foreign corporation organized in the State of Delaware, with its principal place of business either at 462 7th Ave., 20th Floor, New York, NY 10018 or 333 7th Ave., New York, NY 10018. Its CEO is Rohit Arora, and its President is his brother Ramit Arora. Itria is a wholly-owned subsidiary of, and alter ego of, Biz2Credit. Itria and Biz2Credit have the same officers, employees, and agents. Itria is a consumer reporting agency as defined in the FCRA and supplies consumer reports to third parties as defined in the FCRA, 15 U.S.C. § 1681a(d) & (f).

12. Biz2Credit and Itria generally do not conduct transactions in person with their customers, but rather conduct business via the internet and telephone.

13. Itria/Biz2Credit's sales agents are commission-based and incentivized to make a sale at any cost. They are not properly trained or supervised to ensure that they obey the dictates of the FCRA. In addition, Itria/Biz2Credit does not internalize the full cost of the misdeeds and

negligence of its sales agents because it resells many of its loans to institutional investors such as Petra Credit Fund and Direct Lending Investments.

14. Defendant TransUnion LLC is a foreign corporation doing business in the State of Arizona. TransUnion is a CRA governed by the FCRA, 15 U.S.C. § 1681a(f).

**STATEMENT OF FACTS**

15. On August 19, 2015, Ms. Patel's former husband, Runjan Jain, entered into a "Future Receivables Sale Agreement" (the "Receivables Agreement") on behalf of Spire Management Group Inc. ("Spire"), a company of which he was the sole officer, owner, employee and decision-maker.

16. Prior to the August 19, 2015, Receivables Agreement, Mr. Jain completed an application in order to borrow money from Defendants on behalf of Spire. Defendants refused to make the loan to Spire based on Mr. Jain's application. Defendants would not loan the money to Mr. Jain without his wife's personal guarantee.

17. Thereafter, Mr. Jain completed another application on behalf of Spire, which was accepted by Biz2Credit. Neither Defendants nor any agent on their behalf ever spoke with Plaintiff before making the loan to Spire.

18. The Receivables Agreement was negotiated entirely by Biz2Credit and Mr. Jain, and all transactions under the Receivables Agreement were arranged by Biz2Credit.

19. The Receivables Agreement provided that Itria advance $50,000 to Spire.

20. The Receivables Agreement stated that, in the event of a material breach, Spire "irrevocably appoints and constitutes Westlake Legal Group . . . as its true and lawful attorney-in-fact in its name, place and stead, and upon occurrence of default, to confess judgment against

it in any Circuit Court located in the Commonwealth of Virginia, upon this Agreement and all amounts owed hereunder."

21. The Receivables Agreement was signed by Mr. Jain as "President" of Spire as well as a "Guarantor" of Spire's obligations under the Receivables Agreement. Ms. Patel never signed the Agreement as "Vice President" of Spire or as a Guarantor.

22. In fact, Ms. Patel's signature does not appear at all on the Sale Agreement, but rather a forged signature appears. Ms. Patel had no knowledge of the Application or the Receivables Agreement, did not sign it, and did not consent to it in any way.

23. Biz2Credit and/or Itria did not obtain an original application or Receivables Agreement containing original signatures.

24. Biz2Credit and/or Itria do not have in place any safeguards to ensure that original or electronic signatures are authentic.

25. The Arizona-commissioned notary public, Tara Wainwright, who notarized the signatures on the Receivables Agreement, testified that Ms. Patel never appeared in front of her, never signed the Receivables Agreement, and that the instrument had been altered from that which she had notarized.

26. Ms. Patel has not, and has never have been, involved with Spire in any capacity. She does not serve, has never served, and has never consented to serve as a shareholder, director, officer, employee, registered agent, or any other type of agent of Spire.

27. Although the Receivables Agreement purports to have been signed by Ms. Patel in her capacity as Vice President of Spire, and in her individual capacity as a guarantor, she did not sign or approve the Agreement. She never consented to serve as Spire Management's Vice President or as guarantor of the Agreement. She also never consented to have Westlake Legal

Group serve as her "attorney in fact" under any circumstances, and she never consented to have Westlake Legal Group confess judgment on her behalf.

28. On February 3, 2016, Plaintiff (through its attorney, J. Daniel Griffith of Westlake Legal Group) filed a Confession of Judgment with the Court.

29. On February 24, 2016, Ms. Patel timely filed a Motion to Set Aside Confession of Judgment Pursuant to Va. Code. § 8.01-433. Among several grounds for setting aside the Confession of Judgment, Ms. Patel noted she "did not appoint J. Daniel Griffith, Westlake Legal Group, or any other individual as its lawful attorney-in-fact and therefore no one other than the Defendant had the authority to enter Confession of Judgment in Case# CL-99479 against Defendant on February 3, 2016."

30. The Confession of Judgment has since been set aside, per the Court's order of August 5, 2016.

31. On several occasions in 2015, 2016 and 2017 Biz2Credit accessed Ms. Patel's consumer report, falsely certifying that the permissible purpose for obtaining the consumer report was for "insurance underwriting." This purported purpose is false and fraudulent. Neither Itria nor Biz2Credit has ever been involved in underwriting insurance for Ms. Patel, and neither obtained her permission to access her consumer reports.

32. Itria and/or Biz2Credit obtained access to Ms. Patel's credit report before and after it was put on notice that her signature was forged to the Receivables Agreement and she had not consented to it in any way, that she had no involvement with Spire, and that she had satisfied the confessed judgment against her. They continue to access Ms. Patel's credit report on a monthly basis.

33. Biz2Credit impermissibly obtained Ms. Patel's credit report for "Insurance Underwriting" account review from TransUnion, and TransUnion provided the reports without a permissible purpose to do so, on the following dates: 8/19/2015, 9/18/2015, 11/7/2015, 2/17/2016, 3/11/2016, 4/5/2016, 5/5/2016, 6/5/2016, 7/5/2016, 8/5/2016, 9/5/2016, 10/5/2016, 11/5/2016, 12/5/2016, 1/5/2017, and 2/5/2017.

34. TransUnion has no reasonable procedure in place to verify that its subscribers such as Biz2Credit and Itria obtain verification of permissible purpose prior to providing a consumer report, such as in this case, TransUnion provided the consumer report to Biz2Credit and Itria upon a representation it was for insurance underwriting.

35. TransUnion knew or should have known that its subscriber was not in the business of insurance underwriting and that its representation was false.

36. On information and belief, Biz2Credit and/or Itria accessed Ms. Patel's consumer report to obtain information about her; to intimidate her into withdrawing her opposition to its repeated and vexatious attempts to fraudulently extract money from her by means of forged documents and false accusations; and otherwise harm her personal and professional reputation.

37. Under 15 U.S.C. § 1681b(3), Biz2Credit and Itria were required to have an enumerated lawful purpose to obtain Ms. Patel's credit report. In fact, neither Biz2Credit nor Itria had any lawful purpose to request access to Ms. Patel's consumer report. Any purported lawful purpose is false and fraudulent.

38. Biz2Credit and/or Itria knowingly, willfully and/or recklessly gained access to Ms. Patel's consumer report under false pretenses, under the pretext that it was using the reports for "insurance underwriting," in violation of 15 U.S.C. § 1681q and 15 U.S.C. § 1681n.

39. Upon information and belief, Biz2Credit and/or Itria knowingly, willfully and/or recklessly gained access to its other customers' consumer reports by falsely certifying that it was for the purpose of insurance underwriting.

40. Upon information and belief, Bix2Credit and/or Itria knowingly, willfully and/or recklessly gained access to other individuals' consumer reports without having permission or written authorization from the person about whom the consumer report was obtained.

41. The permissible purpose provisions of the Fair Credit Reporting Act have been in effect for over 40 years, and the permissible purpose provision has been interpreted by courts nationwide firmly establishing that no one may obtain a consumer report without first having a permissible purpose to do so.

42. Without having a permissible purpose or without having information sufficient to verify that Ms. Patel and other consumers had authorized access to their consumer reports, Biz2Credit and/or Itria provided false information in order to obtain such information from consumer reporting agencies.

43. Biz2Credit and/or Itria obtained consumer reports repeatedly without a permissible purpose to do so because they were not conducting account review of an insurance account.

44. In the alternative, Biz2Credit and/or Itria negligently failed to comply with the Fair Credit Reporting Act in accessing Ms. Patel's consumer report, in violation of 15 U.S.C. § 1681o.

45. In the alternative, Biz2Credit and/or Itria negligently failed to comply with the Fair Credit Reporting Act in obtaining consumer reports about individuals in violation of 15 U.S.C. § 1681o.

46. As of 2014, Itria/Biz2Credit claims to have made $1.2 billion of small business loans. That number is certainly much larger now.

47. Itria/Biz2Credit routinely run illegal credit checks based on the false stated purpose of "insurance underwriting."

48. The number of individuals whose credit Defendants have accessed in an illegal manner for the false purpose of "insurance underwriting" (similar to Plaintiff) likely numbers in the thousands.

**COUNT I: CLASS CLAIM FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681b(a)**
**(Itria and TransUnion)**

49. Ms. Patel realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if they were fully set out herein.

50. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this claim for herself and on behalf of a classes initially defined as:

**(i) Itria § 1681b(a) Impermissible Purpose Class**

All natural persons residing in the United States: (1) whose consumer report was obtained; (2) by Biz2Credit and/or Itria; (3) from Itria; (4) where Biz2Credit or Itria stated the purpose was for "insurance underwriting": (5) on or after May 1, 2012.

The Plaintiff is a member of this class.

**(ii) TransUnion § 1681b(a) Impermissible Purpose Class**

All natural persons residing in the United States: (1) whose consumer report was obtained; (2) by Biz2Credit and/or Itria; (3) from TransUnion; (4) where Biz2Credit or Itria stated the purpose was for "insurance underwriting": (5) on or after May 1, 2012.

The Plaintiff is a member of this class.

47. **Numerosity: Fed. R. Civ. P. 23(a)(1).** Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendants, including email addresses and postal addresses. The class members may be notified of the pendency of this action through mail and/or email.

48. **Predominance of Common Questions of Law or Fact:** Fed. R. Civ. P. 23(a)(2). Common questions of both law and fact exist as to all members of each putative class. There are no factual or legal isues that differ between the putative class members. These questions predominate over questions affecting only individual class members. The principal issues are: (a) whether Defendants supplied a consumer report to third parties about Plaintiff and each putative class member for a permissible purpose; (b) whether Defendants' violations were negligent, reckless, knowing or intentionally committed in conscious disregard for the rights of the Plaintiff and putative class members.

49. **Typicality. Fed. R. Civ. P. 26(a)(3).** Plaintiff's claims are typical of the claims of each putative class member. In fact, the Plaintiff's claims are identical to the putative class members because Biz2Credit and/or Itria obtained consumer reports based on the misrepresentation that the report was being obtained for insurance underwriting. The Plaintiff's claim and the class member claims are based on the same facts and legal theories.

50. **Adequacy of Representation. Fed. R. Civ. P. 23(b)(3).** Both Plaintiff and her counsel are adequate to represent the interests of the class. Plaintiff's interest are coincidental, and are not antagonistic, to the interest of the class members. Plaintiff has retained experienced counsel who are competent in both class action litigation and the Fair Credit Reporting Act.

Neither Plaintiff nor counsel have interests that prevent vigorous prosecution of the case on behalf of the class.

51. **Superiority. Fed. R. Civ. P 23(b)(3).** Questions of law and fact common to the Class members predominate over question affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. Additionally, class members would not have known that Defendants were providing consumer reports about them without a permissible purpose. It would be next to impossible for class members to individual learn of the facts that give rise to the FCRA claims in this lawsuit, and for each one to find a lawyer and afford individual litigation. Individualized litigation presents the possibility for inconsistent outcomes and contradictory judgments, increases delay and expense to all parties and to the courts. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based o a single set of proofs.

52. Biz2Credit and/or Itria obtained Ms. Patel's credit report for the stated purpose of "insurance underwriting." This purported purpose is false. Neither Biz2Credit nor Itria have ever been involved in underwriting insurance for Ms. Patel, and neither ever obtained her permission to access her credit reports.

53. Defendants knowingly, willfully and/or recklessly allowed Biz2Credit and/or Itria to access to Ms. Patel's credit report because they know they are not in the business of using the reports for "insurance underwriting" and had no permissible purpose in violation of 15 U.S.C. § 1681q and 15 U.S.C. § 1681n.

54. The ongoing intrusions were either intentional, or Defendants cared so little about the duties owed under the FCRA that their conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants negligently failed to comply with the Fair Credit Reporting Act in providing Ms. Patel's credit report, in violation of 15 U.S.C. § 1681o.

55. Ms. Patel and the class are entitled to recover statutory damages, punitive damages, costs and attorneys' fees in an amount to be determines by the Court pursuant to 15 U.S.C. § 1681n & 1681o.

**COUNT II: CLASS CLAIM FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681e(a)**
**(Itria and TransUnion)**

56. Ms. Patel realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if they were fully set out herein.

57. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this claim for herself and on behalf of classes initially defined as:

**(i) Itria § 1681e(a) Class**

All natural persons residing in the United States: (1) whose consumer report was provided to; (2) by Biz2Credit and/or Itria; (3) by Itria; (4) where Biz2Credit or Itria stated the purpose was for "insurance underwriting": (5) on or after May 1, 2012.

The Plaintiff is a member of this class.

**(ii) TransUnion § 1681e(a) Class**

All natural persons residing in the United States: (1) whose consumer report was provided to; (2) by Biz2Credit and/or Itria; (3) by TransUnion; (4) where Biz2Credit or Itria stated the purpose was for "insurance underwriting": (5) on or after May 1, 2012.

The Plaintiff is a member of this class.

58. **Numerosity: Fed. R. Civ. P. 23(a)(1).** Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendants, including email addresses and postal addresses. The class members may be notified of the pendency of this action through mail and/or email.

59. **Predominance of Common Questions of Law or Fact:** Fed. R. Civ. P. 23(a)(2). Common questions of both law and fact exist as to all members of each putative class. There are no factual or legal issues that differ between the putative class members. These questions predominate over questions affecting only individual class members. The principal issues are: (a) whether Defendants supplied a consumer report to third parties about Plaintiff and each putative class member for a permissible purpose; (b) whether Defendants had reasonable procedures in place to comply with section 1681b; (c) whether Defendants required that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose; (d) whether Defendants made a reasonable effort to verify the uses certified by Biz2Credit and Itria prior to furnishing such user a consumer report. Defendants' violations were negligent, reckless, knowing or intentionally committed in conscious disregard for the rights of the Plaintiff and putative class members.

60. **Typicality. Fed. R. Civ. P. 26(a)(3).** Plaintiff's claims are typical of the claims of each putative class member. In fact, the Plaintiff's claims are identical to the putative class members because Defendants do not have reasonable procedures in place to prevent provision of the Plaintiff's and class members' consumer reports to Biz2Credit and/or Itria without a

permissible purpose. The Plaintiff's claim and the class member claims are based on the same facts and legal theories.

61. **Adequacy of Representation. Fed. R. Civ. P. 23(b)(3).** Both Plaintiff and her counsel are adequate to represent the interests of the class. Plaintiff's interest are coincidental, and are not antagonistic, to the interest of the class members. Plaintiff has retained experienced counsel who are competent in both class action litigation and the Fair Credit Reporting Act. Neither Plaintiff nor counsel have interests that prevent vigorous prosecution of the case on behalf of the class.

62. **Superiority. Fed. R. Civ. P 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. Additionally, class members would not have known that Defendants were providing consumer reports about them without a permissible purpose. It would be next to impossible for class members to individual learn of the facts that give rise to the FCRA claims in this lawsuit, and for each one to find a lawyer and afford individual litigation. Individualized litigation presents the possibility for inconsistent outcomes and contradictory judgments, increases delay and expense to all parties and to the courts. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based o a single set of proofs.

63. Biz2Credit and/or Itria were able to obtain Ms. Patel's credit report because the Defendants did not have reasonable procedures to ensure the consumer reports were being supplied to them for a permissible purpose.

64. Defendants knowingly, willfully and/or recklessly allowed Biz2Credit and/or Itria to access to Ms. Patel's credit report in violation of 15 U.S.C. § 1681q and 15 U.S.C. § 1681n.

65. The ongoing intrusions were either intentional, or Defendants cared so little about the duties owed under the FCRA that their conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants negligently failed to comply with the Fair Credit Reporting Act in failing to use reasonable procedures to prevent the provision of Ms. Patel's credit report, in violation of 15 U.S.C. § 1681o.

66. Ms. Patel and the class are entitled to recover statutory damages, punitive damages, costs and attorneys' fees in an amount to be determines by the Court pursuant to 15 U.S.C. § 1681n & 1681o.

**COUNT III: CLASS CLAIM FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681e(a)**
**(Biz2Credit and Itria)**

67. Ms. Patel realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if they were fully set out herein.

68. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this claim for herself and on behalf of a class of consumers initially defined as:

**(i) Itria § 1681b(f) Class**

All natural persons residing in the United States: (1) whose consumer report was obtained by Itria; (2) where Itria failed to accurately and lawfully certify a permissible purpose; (3) to a consumer reporting agency (4) or where Itria stated the purpose was for "insurance underwriting" (5) on or after May 1, 2012.

The Plaintiff is a member of this class.

**(ii) Biz2Credit § 1681b(f) Class**

All natural persons residing in the United States: (1) whose consumer report was obtained by Itria; (2) where Itria failed to accurately and lawfully certify a permissible purpose; (3) to a consumer reporting agency (4) or where Itria stated the purpose was for "insurance underwriting" (5) on or after May 1, 2012.

69. **Numerosity: Fed. R. Civ. P. 23(a)(1).** Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendants, including email addresses and postal addresses. The class members may be notified of the pendency of this action through mail and/or email.

70. **Predominance of Common Questions of Law or Fact:** Fed. R. Civ. P. 23(a)(2). Common questions of both law and fact exist as to all members of each putative class. There are no factual or legal issues that differ between the putative class members. These questions predominate over questions affecting only individual class members. The principal issues are: (a) whether Biz2Credit and Itria had a permissible purpose to obtain the Plaintiff's and class member consumer reports; (b) whether Biz2Credit's and/or Itria's violations were negligent, reckless, knowing or intentionally committed in conscious disregard for the rights of the Plaintiff and putative class members.

71. **Typicality. Fed. R. Civ. P. 26(a)(3).** Plaintiff's claims are typical of the claims of each putative class member. In fact, the Plaintiff's claims are identical to the putative class members because every single claim is alleged to be a violation of 15 U.S.C. § 1681b(f), which challenges Biz2Credit's and/or Itria's procedure for obtaining consumer reports without a

permissible purpose. The Plaintiff's claim and the class member claims are based on the same facts and legal theories, and they are all entitled to the same relief.

72. **Adequacy of Representation. Fed. R. Civ. P. 23(b)(3).** Both Plaintiff and her counsel are adequate to represent the interests of the class. Plaintiff's interests are coincidental, and are not antagonistic, to the interest of the class members. Plaintiff has retained experienced counsel who are competent in both class action litigation and the Fair Credit Reporting Act. Neither Plaintiff nor counsel have interests that prevent vigorous prosecution of the case on behalf of the class.

73. **Superiority. Fed. R. Civ. P 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. Additionally, class members would not have known that Defendants were obtaining consumer reports about them without a permissible purpose. It would be next to impossible for class members to individual learn of the facts that give rise to the FCRA claims in this lawsuit, and for each one to find a lawyer and afford individual litigation. Individualized litigation presents the possibility for inconsistent outcomes and contradictory judgments, increases delay and expense to all parties and to the courts. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based o a single set of proofs.

74. Biz2Credit and/or Itria were able to obtain Ms. Patel's credit report because they misrepresented the "purpose" for which the report was being sought; they did not obtain Ms.

Patel's permission to obtain her consumer report; they did not obtain Ms. Patel's signature on the application or Receivables Agreement.

75. Defendants knew that they misrepresented the purpose for which they accessed Ms. Patel's report on numerous occasions. Initially, they falsely stated that the permissible purpose was for insurance underwriting, which they knew to be false. Defendants knew that they did not have authentic permission from Ms. Patel since they did not have her original notarized signature on any application or agreement. After Defendants learned that Ms. Patel had not signed the application or agreement, and that she was not in any way affiliated with Spire, they nonetheless continued to access her consumer report from TransUnion.

76. Biz2Credit and Itria's violations of the FCRA were made knowingly, willfully and/or recklessly in violation of 15 U.S.C. § 1681q and 15 U.S.C. § 1681n.

77. The ongoing intrusions were either intentional, or Defendants cared so little about the duties owed under the FCRA that their conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants negligently failed to comply with the Fair Credit Reporting Act in accessing Ms. Patel's credit report, in violation of 15 U.S.C. § 1681o.

78. Ms. Patel and the class are entitled to recover actual, statutory, and punitive damages, costs and attorneys' fees in an amount to be determines by the Court pursuant to 15 U.S.C. § 1681n & 1681o.

WHEREFORE, the Plaintiff and the putative class members demand judgment for statutory, actual, and punitive damages against the Defendants; for attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

**Respectfully Submitted,**

**Bhavika Patel, individually and on behalf of others similarly situated,**

By: /s/ Susan M. Rotkis

Susan M. Rotkis (Ariz. Bar No. 032866)
**CONSUMER LITIGATION ASSOCIATES WEST, P.L.L.C.**
382 South Convent Ave.
Tucson, AZ 85701
Telephone: (520) 622-2481
srotkis@clalegal.com